CLD-145                                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3177
_____

AMRO A. ELANSARI,
                                        Appellant

v.

ALTRIA; BRITISH AMERICAN TOBACCO;
IMPERIAL TOBACCO; JAPAN TOBACCO

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-19-cv-03415)
District Judge:  Honorable Mark A. Kearney

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 20, 2020
Before:  JORDAN, KRAUSE, and MATEY, Circuit Judges

(Opinion filed:  March 25, 2020)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Amro A. Elansari appeals from the order of the District Court dismissing his complaint. We will affirm.

I.

Elansari is a frequent pro se litigant. In this case, he filed suit pro se against four tobacco companies. His cursory complaint alleged that defendants "keep putting out toxic—cancer causing—radioactive cigarettes to addict people and have them smoking on every street and every corner in standard towns and places for me to breathe in, suffocate, and suffer consequences, while the companies profit." Elansari further alleged without elaboration that his injuries consisted of "damage to health pain & suffering." He sought compensatory and punitive damages as well as unspecified equitable relief.

By order entered August 5, 2019, the District Court granted Elansari leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it without prejudice pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. In doing so, the District Court explained that Elansari's allegations were too generalized to state a claim because he did not allege what products the defendants sold, how those products injured him, or any facts suggesting that he even has standing to assert a claim. The District Court granted Elansari leave to file an amended complaint by September 3, 2019. The District Court also notified him that, if he did not do so, it might dismiss the case for failure to prosecute without further notice.

Elansari did not file an amended complaint or otherwise respond to the District Court's order. Thus, by order entered September 9, 2019, the District Court dismissed the action without prejudice for failure to prosecute and directed its Clerk to close the case. Elansari appeals.

II.

We have jurisdiction because "a dismissal without prejudice [for failure to prosecute] that does not give leave to amend and closes the case is a final, appealable order under 28 U.S.C. § 1291." Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir. 2004). Ordinarily, we review dismissals for failure to prosecute for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). And ordinarily, District Courts must consider various factors before dismissing an action on that basis. See id. at 258 (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984)).

In this case, however, the District Court initially dismissed Elansari's complaint without prejudice on the merits and notified him that the action was subject to dismissal if he did not file an amended complaint. Thus, the effect of the District Court's subsequent dismissal for failure to prosecute was simply to render final its previous dismissal for failure to state a claim.[1] We review such dismissals de novo, see Fantone v.

---

[1] When a District Court dismisses a complaint without prejudice and with leave to amend, a plaintiff who believes that his or her existing allegations are sufficient can elect to decline amendment. See Weber v. McGrogan, 939 F.3d 232, 238 (3d Cir. 2019). Elansari has done so here because he did not amend his complaint within the time permitted and instead argues on appeal that his allegations are sufficient. Id. at 240. A

Latini, 780 F.3d 184, 186 (3d Cir. 2015); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and we will do so in this case.

Having done so, we will affirm largely for the reasons explained by the District Court in its initial order dismissing the complaint. In order to state a claim, even a pro se plaintiff must allege "sufficient factual matter; accepted as true; to state a claim to relief that is plausible on its face." Fantone, 780 F.3d at 193 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Elansari has not done that here. In particular, Elansari's cursory complaint is devoid of allegations plausibly suggesting either that he has suffered a legally cognizable injury or that defendants are responsible for that injury. Elansari argues with little elaboration that his existing allegations are sufficient but, for these reasons, they are not.

### III.

For these reasons, we will affirm the final judgment of the District Court on the ground that Elansari's complaint failed to state a claim on which relief can be granted.

---

plaintiff who takes that approach is not necessarily "failing to prosecute." Thus, to avoid confusion, a District Court faced with this situation should simply enter an order converting its previous dismissal without prejudice into a dismissal with prejudice on the merits. Id. at 241 (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976)).

4